Amir M. Nassihi (SBN: 235936)
anassihi@shb.com
BOBBIE E. HOOPER (SBN 240102)
bhooper@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, California 94105
Telephone: 415.544.1900/Facsimile: 415.391.0281

Attorneys for Defendant
VOLKSWAGEN GROUP OF AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOWARD SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. a New Jersey Corporation; INDIGO SAN FRANCISCO, LLC dba AUDI MARIN, a Delaware Limited Liability Company; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3-25-cv-10560<br><br>**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed: 09/19/2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant VOLKSWAGEN GROUP OF AMERICA, INC. ("VWGoA") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the claims pending as Case No. CGC-25-629374 in the Superior Court of California, County of San Francisco. In support of its Notice of Removal, VWGoA states as follows:

## I. NATURE OF THE REMOVED CASE

Plaintiff James Howard Silver ("Plaintiff") filed this civil action against VWGoA on September 19, 2025, in the Superior Court of California, County of San

Francisco, styled *James Howard Silver v. Volkswagen Group of America, Inc., et al.*, Case No. CGC-25-629374. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

On December 2, 2025, VWGoA filed an Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as **Exhibit B**.

On December 5, 2025, Defendant indiGO San Francsico, LLC, dba Audi Marin ("indiGO San Francisco") filed an Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as **Exhibit C.**

Pursuant to 28 U.S.C. §1446(a), **Exhibits A, B, and C** constitute "a copy of all process, pleadings, and orders served upon" VWGoA.

Plaintiff asserts nine causes of action against VWGoA for violation of Subdivisions (a)(3), (b) and (d) of Civil Code 1793.2, breach of express warranty under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), breach of implied warranty of merchantability under the Song-Beverly Act, fraudulent concealment, negligent misrepresentation, violation of the Unfair Competition Act, and violation of the False Advertising Law. *See* **Ex. A**. VWGoA denies these allegations.

In the last 30 days, VWGoA, through counsel, conducted a preliminary investigation and determined that Co-Defendant's and Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiff's allegations plausibly give rise to subject matter jurisdiction.

However, Plaintiff's Complaint is ambiguous and, therefore, VWGoA's duty to remove under 28 U.S.C. 1446(b) has not been triggered. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005); *Chavarin, v. General Motors LLC, et al.*, 2025 WL 3030875, at *3 (C.D. Cal. Oct. 29, 2025); *Mejia v. Gen. Motors LLC et al*, 2025 WL 2983127, at *4 (C.D. Cal. Oct. 22, 2025); *Martinez v. General Motors LLC*, No. 2:25-CV-07208-AJR, 2025 WL 2926885, at *5 (C.D. Cal. Oct. 15, 2025).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

A defendant's notice of removal should make a plausible non-speculative showing that the amount in controversy exceeds the jurisdictional threshold and that there is complete diversity of the parties. Evidence establishing subject matter jurisdiction is only required if defendant's allegations are challenged. *See, e.g., Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 89 (2014).

VWGoA's preliminary investigation into Plaintiff's allegations within the last 30 days revealed a plausible basis for subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists Between the Parties.

Plaintiff is a citizen of California. In addition to residing in California at the time the Complaint was filed, VWGoA's preliminary investigation also concluded that Plaintiff resided in California continuously for a number of years, thereby establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship.

Also based on its very recent investigation, VWGoA determined that at the time Plaintiff commenced this action, Defendant indiGO San Francsico (which has consented to removal) was (and still is) a limited liability company ("LLC") organized and existing under the laws of the State of Delaware. *See* **Ex. A**, ¶ 5; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). indiGO San Francisco's sole member is indiGO Auto Group Holdings, LLC. indiGO Auto Group Holdings, LLC is an LLC organized and existing under the laws of the State of Delaware. indiGO Auto Group Holdings, LLC's sole member is Pon Luxury Cars North America, Inc. Pon Luxury Cars North America, Inc. is a Delaware Corporation with its principal place of business in Texas. For purposes of diversity, an LLC is a

citizen in every state in which its "owners/members" are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all their members).

At the time Plaintiff commenced this action, VWGoA was (and still is) a New Jersey corporation with its principal place of business in Virginia. A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, VWGoA is a citizen of New Jersey and Virginia.

The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (Doe defendants need not join in removal). Thus, the existence of Does 1 through 100, inclusive, should be disregarded and does not deprive this Court of jurisdiction.

This Court, therefore, has original jurisdiction of this action under 28 U.S.C. § 1332 because the named Defendant VWGoA is a citizen of New Jersey and Virginia, while Plaintiff is a citizen of California and named Defendant indiGO San Francisco is a citizen of Delaware and Texas.

**B. The Amount in Controversy Requirement Is Satisfied.**

For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

While VWGoA denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of

$75,000.00 based on the allegations, claims, and prayer for relief set forth in Plaintiff's Complaint.

Plaintiff alleges claims for nine causes of action, including breach of express and implied warranty under the Song-Beverly Act, fraudulent concealment, negligent misrepresentation, violation of the Unfair Competition Act, and violation of the False Advertising Law. *See* **Ex. A**, generally.

Plaintiff alleges that on or around March 24, 2022, he purchased a 2022 Audi e-tron GT that he claims contains a defect with the subject vehicle's battery which causes the vehicle to lose power and potentially short circuit. *See* **Ex. A**, ¶¶ 10, 12. Plaintiff's purchase agreement shows that Plaintiff paid $130,651.49 for the subject vehicle. Plaintiff alleges that had he known about the alleged defect prior to purchasing the subject vehicle, he would not have bought it or would have paid less for it. *Id.* ¶ 75.

Plaintiff alleges he is entitled to relief including: actual damages; restitution; consequential and incidental damages; interest on all damages; attorneys' fees and costs; prejudgment interest; and such other relief as the Court deems appropriate. *See* **Ex. A**, at Prayer for Relief.

Plaintiff's common law, statutory fraud, and implied warranty claims do not specify damages sought and the compensatory measure of damages is typically a different in value or benefit of the bargain type damages that are limited and require extensive external analysis to determine. Under the Song-Beverly Act express warranty claim, Plaintiff's potential actual damages for breach of warranty are an amount equal to the actual price paid or payable by the buyer less applicable offsets, which must be considered in assessing whether the amount in controversy is met. Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(b); *see, e.g., Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) ("The Court thus concludes that in actions brought under the Song-Beverly Act, a complaint is indeterminate as to the amount in controversy when that complaint alleges only the

approximate value of a vehicle without also providing any information as to the amount actually paid for the vehicle by plaintiff . . . A complaint is also indeterminate where it fails to provide information from which the vehicle's mileage use offset can be determined."). Plaintiff paid $130,651.49 for his vehicle and when calculating mileage offsets and other offsets identified in the vehicle records including the two service contracts totaling $2,609 and the $750 rebate, the total actual damages after deductions of offsets exceeds $75,000. *Galaviz v. Gen. Motors, LLC et al*, No. 2:25-CV-07039-JLS-MAR, 2025 WL 3022665, at *3 (C.D. Cal. Oct. 28, 2025) (noting offsets to be considered).

Additionally, Plaintiff alleges that he is entitled to up to two times actual damages in civil penalties under the Song-Beverly Act. Most courts have held that some or all civil penalties may only be calculated once the actual damages are reasonably calculated—following deduction of offsets such as mileage and other offsets—and that it would be speculative to include an amount solely based on the purchase price without factoring in potential offsets. Here, civil penalties are also alleged. In addition, the Song Beverly Act allows for the recovery of attorneys' fees. Cal. Civ. Code § 1794(d). The amount in controversy therefore may include attorney's fees. See Fritsch v. Switch Transp. Co. of Az., LLC, 899 F.3d 785, 794 (9th Cir. 2018).In sum, based on VWGoA's preliminary investigation, the available information reveals that a plausible basis to conclude that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## III. THE COMPLAINT DID NOT TRIGGER VWGOA'S DUTY TO REMOVE AND VWOGA'S NOTICE OF REMOVAL IS TIMELY

While VWGoA was able to determine plausible grounds for subject matter jurisdiction based on its preliminary investigation into Plaintiff's allegations, Plaintiff has not triggered VWGoA's duty to remove because Plaintiff's allegations are "indeterminate" as to subject matter jurisdiction.

### A. The Ninth Circuit's Bright Line Rule for Triggering the Duty to Remove

There are two potential 30-day deadlines for removal. The first is triggered by a complaint that "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005); *see also* 28 U.S.C. § 1446(b)(1). The second is triggered by an amended pleading or an "other paper" where it can be "ascertained from the face of the document that removal is proper." *See Harris*, 425 F.3d at 694; *see also* 28 U.S.C. § 1446(b)(3).

In interpreting whether a Complaint or "other paper" triggers a duty to remove within 30-days, the Ninth Circuit has adopted a "bright-line approach," to ensure "certainty and predictability." *Harris*, 425 F.3d at 697 ("[A]n objective baseline rule avoids the specter of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."). Under that bright-line approach, a served document must be "determinate" and unequivocally clear and certain as to subject matter jurisdiction within the four-corners of the document rather than one requiring further investigation or assessments. *See id.* at 695 (holding that defendant's subjective knowledge is an improper test for notice of subject matter jurisdiction).

Importantly, the standard to trigger the duty to remove is distinct from and more demanding than the "plausibility" standard by which a notice of removal is assessed in the first instance under *Dart*. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) ("[R]emoval clock does not start until a paper makes a ground for removal *unequivocally clear and certain*.") (emphasis added); *see also Vasquez v. Nissan North America, Inc.*, No. 2:24-cv-00302-GW-E, 2024 WL 4452776 at *2 (C.D. Cal. Mar. 7, 2024) ("[*Dart Cherokee*] held that the required short and plain statement of the grounds for removal need not contain evidentiary submissions. [citation] This is irrelevant to the timeliness question [plaintiff] poses in connection with the procedural

defect argument.”). Here, in addition to ambiguities related to applicable offsets, the Complaint is on its face ambiguous as to citizenship.

**B. The Complaint Is Indeterminate as to Citizenship**

Citizenship requires a showing of (1) “residence” and (2) “intent to remain.” *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (“A person’s state citizenship is then determined by her state of domicile, not her state of residence. A person’s domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.”).

Here, Plaintiff only alleges that he is now, and at all times mentioned in the Complaint was, an individual adult resident of California. *See* **Ex. A**, ¶ 2. However, he does not allege he is a citizen of California, nor does Plaintiff allege that he intends to remain in California. While allegations of residence may give rise to plausible allegations of citizenship, residence alone is not determinate as to citizenship. *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (“Plaintiffs’ complaint and Pfizer’s notice of removal both state that Plaintiffs were “residents” of California. But the diversity statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.”); *Sungwoo Ahn v. Mercedes-Benz USA*, No. CV 24-10090-PA (SSCx), 2024 WL 5479540, at *2 (C.D. Cal. Nov. 26, 2024) (remanding for failure to establish intent to remain where plaintiff alleged residence in California only); *Munoz v. Panera, LLC*, No. CV 25-3175 PA (JPRx), 2025 WL 1212830, at *1–2 (C.D. Cal. Apr. 24, 2025) (same). See also *Chavarin, v. General Motors LLC, et al.*, 2025 WL 3030875, at *3 (C.D. Cal. Oct. 29, 2025); *Mejia v. Gen. Motors LLC et al*, 2025 WL 2983127, at *4 (C.D. Cal. Oct. 22, 2025); *Martinez v. General Motors LLC*, No. 2:25-CV-07208-AJR, 2025 WL 2926885, at *5 (C.D. Cal. Oct. 15, 2025). Furthermore, the Complaint is wholly indeterminate as to co-defendant’s citizenship (and does not clearly reveal the fact that the claims against co-defendant are without any basis).[1]

[1] As noted above, co-defendant has consented to this removal.

Therefore, Plaintiff's complaint is indeterminate as to diversity of citizenship.

**C. The Complaint Is Indeterminate as to the Amount in Controversy**

A non-speculative estimate of "actual damages" is a prerequisite to evaluating the amount in controversy in an action brought under the Song-Beverly Act, and the majority of courts make clear that this requires a defendant to include deductions to damages mandated by applicable law. *See Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701, n.3 (9th Cir. 2018) ("We have recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.").

Here, Plaintiff's allegations are indeterminate as to the amount in controversy because the Complaint fails to provide clear and unambiguous statement as to actual damages composed of what Plaintiff paid less the applicable offsets. Without values clearly stated in the Complaint, VWGoA must go beyond the Complaint to calculate actual damages and determine the amount in controversy. VWGoA had no duty to do so. *See Harris*, 425 F.3d at 695; *see Gonzalez*, 2024 WL 2782102, at *3 (rejecting "atextual removal deadline" triggered by Defendant's "own documents and investigation"). Therefore, the Complaint is indeterminate as to the amount in controversy.

In sum, the Complaint is ambiguous, or "indeterminate," as to Plaintiff's citizenship and the amount in controversy. Therefore, Plaintiff has not triggered VWGoA's duty to remove under 28 U.S.C. § 1446(b), and the only applicable deadline is the one-year deadline under 28 U.S.C. § 1446(c). VWGoA's removal is timely because it removed within one-year of filing based on its preliminary investigation into Plaintiff's allegations (and within 30 days of concluding its investigation). *See Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

## DEMAND FOR JURY TRIAL

Defendant VWGoA hereby demands a trial by jury on all issues that may be tried to a jury.

Dated: December 9, 2025 SHOOK, HARDY & BACON L.L.P.

By: */s/ Bobbie E.Hooper*
Amir M. Nassihi
Bobbie E. Hooper

Attorneys for Defendant
VOLKSWAGEN GROUP OF AMERICA, INC.